Charles F. Strohm, an Infant, by Guardian, etc., Respondent, *v.* The New York, Lake Erie and Western Railroad Company, Appellant.

96  305
109  309
96  305
115  63
96  305
116  467
96  305
118  87
96  305
128  581
96  305
158  264

In an action to recover damages for personal injuries alleged to have been caused by defendant's negligence, the evidence of experts as to future consequences which are expected to follow the injury is competent.

To authorize such evidence, however, the apprehended consequences must be such as in the ordinary course of nature are reasonably certain to ensue; consequences which are contingent, speculative, or merely possible are not proper to be considered in estimating the damages and may not be proved. — (Ruger, Ch. J., and Danforth, J., dissenting.)

*Strohm* v. *N. Y., L. E. & W. R. R. Co.* (32 Hun, 20), reversed.

(Argued April 17, 1884; decided June 17, 1884.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 11, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 32 Hun, 20.)

This action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligence.

The evidence, so far as material to the question discussed, is stated in the opinion.

*B. F. Tracy* for appellant. The limit in respect to future damages is that they must be such as it is reasonably certain will inevitably and necessarily result from the injury. (*Filer* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y. 45; *Clark* v. *Brown*, 18 Wend. 229; *Lincoln* v. *Sar. R. R. Co.*, 23 id. 425, 435; *Curtis* v. *Roch. & Syr. R. R. Co.*, 18 N. Y. 541.)

*Samuel Hand* for respondent.

Rapallo, J. We feel constrained to order a new trial in this case on account of the admission of the evidence of Dr. Spitzka as to the disorders into which the symptoms the

plaintiff was said to have exhibited, might develop. Future consequences, which are reasonably to be expected to follow an injury, may be given in evidence for the purpose of enhancing the damages to be awarded. But to entitle such apprehended consequences to be considered by the jury, they must be such as in the ordinary course of nature are reasonably certain to ensue. Consequences which are contingent, speculative, or merely possible, are not proper to be considered in ascertaining the damages. It is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor even that they are likely to so develop. To entitle a plaintiff to recover present damages, for apprehended future consequences, there must be such a degree of probability of their occurring, as amounts to a reasonable certainty that they will result from the original injury. (*Curtis* v. *Rochester & Syracuse R. R. Co.*, 18 N. Y. 541; *Filer* v. *N. Y. C. R. R. Co.*, 49 id. 45; *Clark* v. *Brown*, 18 Wend. 229; *Lincoln* v. *Saratoga & S. R. R. Co.*, 23 id. 425, 435.)

The witness, Dr. Spitzka, had personally examined the physical condition of the plaintiff, had received from him an oral statement of his symptoms, and had also been asked a hypothetical question, embodying a description of the apparent condition and symptoms exhibited by the plaintiff since the injury, as claimed by the plaintiff's counsel to have been established by the evidence. He was then asked what the symptoms related to him and those described in the hypothetical question indicated, and he answered that the elements of the hypothetical question proved epilepsy, while those related by the patient himself left that matter open, leaving it either as a preliminary stage of epilepsy or meningitis, or traumatic dementia, the witness could not decide which of the three. Being afterward asked as to the permanency of the condition of the plaintiff, he stated that it was very likely to be permanent. The question was then put to him by the plaintiff's counsel, "What do you mean by very likely?" and he answered, "I mean that the boy will always have some rem-

nants of this injury, some reminder of it, great or small, that is certain; how much he will retain I cannot tell, but I think it very likely he will retain."

Here the witness was interrupted by an objection of the defendant's counsel to the words " very likely," and what followed, as entirely too speculative.   The court overruled the objection, and an exception was taken.   The witness then answered that the plaintiff was likely to retain the greater part of the symptoms if he did not develop worse signs.   The following question was then put :  Q. " You said it might develop into worse signs or conditions.   What do you refer to ? "

This question was objected to as speculative and hypothetical. The objection was  overruled, and the counsel for the defendant excepted, and the witness then answered:  " A patient sustaining such injuries and  presenting such  premonitory signs, may develop traumatic insanity, or  meningitis, or progressive dementia, or epilepsy with its results."

This answer was quite responsive to the question asked; which in substance called upon the witness  to state what worse signs or conditions might  be  developed from the injuries sustained by the plaintiff; and the evidence being admitted by the court in the face of the  objection  that the inquiry was too speculative, the door was  opened  for the jury in estimating the damages, to include compensation for the mere hazard to which the plaintiff was claimed to be exposed of being afflicted with the terrible disorders or some of them, enumerated in the answer. It is impossible to reconcile the admission of this evidence with the authorities before referred to, or to say that the error could not have prejudiced the defendant, or influenced the amount of the verdict.

The judgment should be  reversed and a new trial ordered, costs to abide the event.

All concur; except Ruger, Ch. J., and Danforth, J., who dissent upon the ground that the question is not properly raised, and if it is, that evidence by experts of the probable and even possible consequences of  the injury is admissible for the consideration of the jury.

Judgment reversed.