REMMAR STAAL, Respondent, v. THE GRAND STREET AND NEWTOWN RAILROAD COMPANY, Appellant.

*Damages in an action for personal injuries—when future expenses may be included in them.*

In this action, brought to recover damages for personal injuries sustained by the plaintiff while leaving one of the defendant's horse cars, it appeared that the plaintiff was a fresco painter, but no proof was given as to what wages he had earned in the past. The injuries sustained were of a permanent character, and with reference to them the court charged that "for future expenses the jury have a right to consider the expenses of this injury, if they find this renders the plaintiff to any extent helpless, and also to consider to what expenditures, to make him comfortable, he will have to go."
*Held,* no error.

APPEAL from a judgment in favor of plaintiff for the sum of $2,889.87, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought by plaintiff to recover damages for personal injuries alleged to have been sustained by him on or about October 27, 1883, while about to alight from one of defendant's horse cars on which he had been traveling, through the alleged negligence of defendants' servants in the management of such car.

The only evidence concerning plaintiff's occupation or business was that he was a fresco painter, and that on and for some time prior to the date of the alleged accident, he was in the employ of Mr. Monnefield, painter. No special damage or pecuniary loss or expenses or loss of earnings were alleged in the complaint, and no evidence was offered touching the plaintiff's wages, or earnings, or the value of his time or the amount of his compensation at the time of or at any time previous to the alleged accident, or of any expenses whatever incurred or to be incurred.

The court charged, among other things, that the plaintiff was entitled to recover, as damages in this action, compensation—first, for the pain and suffering that he has encountered; second, as this injury is to some extent, at least, permanent, he is entitled to compensation for the results which will flow in the future from this injury; that is, for any suffering and inconvenience he will have in

life resulting from this injury, and for pecuniary loss on account of the injury caused by the diminution in his ability to earn a livelihood.

There is no hard rule to be laid down to you in this case. You must say, under all the circumstances, considering what pain he has suffered, what his loss has been, in his circumstances in life the chances of what money he would make, and his age (considering the injury and the results of that injury), what would be a fair compensation. All that is left to the good sense of the jury. * * * And I will say further that in this case there is no proof of loss shown by what his income was up to this time. What the court, therefore, told you as to pecuniary losses was in connection with the future.

DEFENDANTS' COUNSEL — To that I except.

DEFENDANTS' COUNSEL — I ask your honor further to charge the jury that they cannot make further allowance to the plaintiff for expenses of treatment or care for the past or future.

The COURT — I charge that for the past. For future expenses the jury have a right to consider the expenses of this injury if they find this renders the plaintiff to any extent helpless, and also to consider to what expenditures to make him comfortable he will have to go.

*Albert G. McDonald*, for the appellant.

*A. Simis, Jr.*, for the respondent.

BARNARD, P. J. :

The defendant made two issues of fact upon the trial. The action was based upon an allegation that the defendant started a passenger car upon which plaintiff was being carried, and from which he was about to alight, before he could reach the street. That the plaintiff was thereby thrown down and injured severely and permanently. The defendant gave proof tending to show that the plaintiff jumped from the car before it was stopped, and that he was not on one of the defendant's cars. The jury have found the facts to be as the plaintiff and the witnesses who supported him testified they were, in respect to the injury on defendant's car. The only question argued on the appeal is one arising upon the charge

of the judge. As has been mentioned, there was proof tending to show permanent disability. The court charged the jury that the plaintiff was entitled to compensation for the results which would flow from permanent disability in the future from the injury, and that the jury could consider future expenses of the plaintiff if they found he was rendered to any extent helpless, and also to consider what expenditures he would incur to make him comfortable. As to the first of that portion of the charge excepted to, there is no authority which will hold good the exception. It is a principle of general application to cases like this, that the results of an injury in the future, if found in the case, are to be included in the compensatory verdict. The rule is stated in *Strohm* v. *The New York, Lake Erie and Western Railroad Company* (96 N. Y., 305).

The other exception is based upon the fact that there was no proof in the case as to past or future expenses. As to past expenses the judge excluded them from the consideration of the jury. The only question, therefore, remaining is this, when a fresco painter is permanently disabled and there is no proof of his past earnings, can the jury consider the probable expense arising from the disability in the future. It seems necessary that the jury should consider future expenses; the extent of the disability and the necessity of consequent expense could only be found by the jury. Proof of what a painter earned in the past would give no rule to the jury which would be valuable. That the plaintiff had obtained certain wages would be no evidence that the wages would be the same in the future, or that the employment would continue. Evidence on these points would be speculative as to the future, upon the subject of compensation, or expense flowing necessarily therefrom, and the jury is the best tribunal to make the speculation. The case of *Strohm* v. *The New York, Lake Erie and Western Railroad Company* does not hold anything on this subject. The case decides that an expert cannot base an opinion upon the future condition of a person, based in part upon apprehended consequences merely speculative. The case of *Leeds* v. *Metropolitan Gas-Light Company* (90 N. Y., 26) holds that it is wrong to allow damages for lost time when the value is not proven. The jury had the injury, proof showing permanency of it, the age and business of the plaintiff. Nothing more could be given which would not be speculative.

without having the verdict of the jury upon what they should find the truth to be in respect to the future contingencies of the injury. When that was found the jury, from their knowledge of human affairs, could make compensation.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial, affirmed, with costs.