WILLIAM M. ALBERTI, RESPONDENT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Common carrier of passengers — liability for injury sustained by a passenger — what testimony is admissible to prove damages — right of an attorney to permit a physician who has attended his client to testify — Code of Civil Procedure, sec. 834 — when a verdict will not be set aside as excessive.*

The plaintiff while occupying, as a passenger of the defendant, a berth in a sleeping car was struck and injured by a collision between that car and the door of a car in a passing freight train. The freight car had been injured by a collision with the rear of a standing train, the collision having been seen by the defendant's servants, who, beyond repairing the brake, made no examination of the injured car.

*Held,* that, under the strict rule prescribing the duty of a common carrier of passengers, this was sufficient proof of negligence to sustain a verdict awarding damages to the plaintiff for the injury sustained.

The plaintiff, who was a young married man, testified that he was employed as a collector and salesman, and that he supported himself and his wife solely by his own earnings.

*Held,* that the testimony was admissible, as his earning power was an item of damages

The physician who attended the plaintiff was sworn upon the trial. An objec-

tion having been taken by the counsel for the defendant, under section 834 of the Code of Civil Procedure, the provisions of that section were waived by the attorney for the plaintiff.

*Held,* that this was sufficient to render the evidence admissible.

The plaintiff, who was thirty years old, was, before the injury, in good health and had been well educated. He was married, and both himself and his wife depended for their support upon his labor. He was so injured by the collision that he could do nothing. It appeared that his legs were drawn up, and would remain so until he died ; and that while he might live for some years, suffering in body and mind, he would never improve physically.

*Held,* that a verdict of $25,000 was not excessive.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Orange County Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought to recover damages for injuries sustained by the plaintiff in a collision upon the railway of the defendant, while a passenger upon one of its regular trains.

It appears by the evidence that on the 24th day of July, 1885, at Jersey city, the plaintiff purchased a ticket which entitled him to be carried upon the railway of the defendant from that point to Niagara Falls and return, and that at the same time he purchased a ticket which entitled him to occupy a berth as far as Hornellsville in one of the regular sleeping cars carried upon the railway of the defendant. At 6.30 P. M. of that day, the plaintiff entered into one of the regular sleeping cars forming a part of one of the regular trains of the defendant, for the purpose of making such journey. When the train of the defendant, upon which plaintiff was, as such passenger, was near Oxford in the county of Orange, N. Y., it was struck by, or came in collision with, the side or door of a freight car, which was going in an opposite direction upon defendant's railway, and the plaintiff was struck and seriously injured by the timbers of the side of the car in which he was, or by the timbers or door of the freight car, with which it collided.

The jury, upon all the evidence rendered a verdict in favor of plaintiff for the sum of $25,000.

*Lewis E. Carr,* for the appellant.

*P. B. McLennan,* for the respondent.

BARNARD, P. J.:

The evidence in this case shows an exception to the ordinary rule in respect to proof of negligence upon the part of the defendant which occasioned the injury. The plaintiff was a passenger in the defendant's car for Jersey City, going west, on the 24th of July, 1885, and while traveling upon his journey he was suddenly injured. While the injury would not presumably have happened without some neglect, it is sufficient to prove the injury and call upon the defendant, which is a common carrier of passengers, to explain the cause of the accident. (*Seybolt* v. *N. Y., L. E. and W. R. R.*, 95 N. Y., 562.)

The proof, however, is given as to what probably caused the injury. A door from a freight car, attached to a train going east, became detached and was cast against the passenger train. This car had been injured by a collision with the rear of a train standing on the track. The car in question was running down a grade and, in consequence of a defective brake, could not be stopped. The shock was severe, and examination subsequent to the accident disclosed serious injury. The defendant's servants saw the collision, but, beyond fixing the brake, made no examination of the car. Under the strict rule of a carrier's duty, this was a sufficient proof of neglect. The carrier was bound to examine the car to see if it was injured, and thereby prevent danger therefrom.

The sole questions which remain are those arising upon the trial. The plaintiff was a young married man who was employed by a lumber firm as collector and salesman. He testified that he supported himself and his wife solely by his own earnings. Great stress is laid upon the exception taken by the defendant to the admission of this proof. It seems to be admissible for two reasons. In the first place the earning power of the plaintiff was an item of damage. He supported from his labor, solely, his wife and himself. This is proven to have realized over $1,000 a year. The earning power was not aided by other means. Again the defendant gave testimony tending to show that the county physicians who attended him for his hurts were not specially well skilled in such phases of injury as resulted from the wounds received. It was proper to show that the plaintiff used such means of repair and restoration as his circumstances permitted. The physician who attended the

plaintiff was sworn upon the trial. Upon being objected to, under 834, Code Civil Procedure, the attorney and counsel waived the provision of the section. This was sufficient. The section in question was for the protection of the patient. His case required the testimony of the witness, and in all which relates to the management of the trial the attorney represents and binds the client. (*Mark* v. *City of Buffalo*, 87 N. Y., 185.)

The photograph was proven to be correct. The enlargement, by reason of the camera being placed near the subject, was explained, and that the representation in respect to the drawing up of the limbs was a correct one. The evidence carries it within the case of *Cowley* v. *The People* (83 N. Y., 464). The medical testimony objected to was properly received. Q. If you can speak with reasonable certainty you may state. A. I can only give you the probability, from the history of other similar cases. You may do that. * * * "I should expect he might live several years in very much the same condition we see him to-day. I don't think his condition will ever improve." Another witness is asked for his opinion as to the natural and ordinary cause of the disease, replied that it might be for years that the plaintiff would remain in the present condition, but that in his opinion he would never be better. These questions seem to be based upon the case of *Strohm* v. *New York, Lake Erie and Western Railroad Company* (96 N. Y., 305). Especially was this so when there was evidence in the case given by witnesses for the defendant, that the injury was trivial and would be soon repaired.

The damages were not excessive, assuming the facts which have been found by the jury. The age of plaintiff is thirty years. He was a healthy young man before the injury. He was well educated, having been graduated from Cornell University in 1879. He was married, and both himself and wife depended for support upon his labor. He was so totally destroyed that he can do nothing. His legs have drawn up, and so they must remain until he dies. He is helpless, and may be suffering in body and mind for some years, but he will never improve, physically. If any case can be proven to justify a verdict for $25,000, this seems to be such a one. A large verdict was sustained by the Court of Appeals for an injury somewhat similar in its results.

The judgment should, therefore, be affirmed with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.