WILLIAM MOSHER, Respondent, *v.* HORACE RUSSELL and THEODORE HOUSTON, as Receivers, etc., Appellants.

*Evidence — the testimony of a physician as to the exclamations of a person, during an examination made eight months after the injury, are inadmissible — no recovery can be had for sufferings to occur in the future unless there is evidence in the case to show that they will be sustained.*

Upon the trial of this action, brought by the plaintiff to recover damages for injuries sustained by being hit by a gate, maintained and managed by a railroad company at place where its tracks were crossed by a highway, he was permitted to prove by a doctor that more than eight months after the injury had been sustained the doctor examined the plaintiff for the purpose of determining his condition in reference to the injury. The doctor testified that the plaintiff "complained more or less of pain upon pressure about the neck, and pain when I attempted to move his head;" that "pressure upon the head, driving the head down upon the neck, caused pain, the patient winced, twisted, tried to get away from me." At the time of this examination the doctor found no abnormal conditions of the plaintiff either from his personal examination or the application of tests by compass points or electricity, except such as appeared from the complaints and wincing of the plaintiff, and the scar on his forehead and ear.

*Held*, that the court erred in admitting this testimony. (*Per* Mayham and Landon, JJ.; Learned, P. J., not concurring.)

That the evidence could not be claimed to be admissible as part of the *res gestæ*, as the complaints were made more than eight months after the injuries were sustained; nor from necessity as the plaintiff was a competent witness, and if his feelings, on being examined by the doctor, were competent or material evidence he could have been called on to swear to them.

The judge charged the jury that the plaintiff was entitled to be fully compensated for all loss he had sustained, for the pain he has endured, and for the pain he was likely to endure in the future.

*Held*, that as there was no evidence in the case from which the jury would have been justified in inferring that the injury was permanent, or one from which the plaintiff was likely to suffer in the future, it was error to so charge.

APPEAL from a judgment entered upon a verdict in favor of the plaintiff at the Albany Circuit.

*H. Harris*, for the appellants.

*E. Newcomb*, for the respondent.

Mayham, J.:

The defendants appeal from a judgment entered upon the verdict of a jury for $6,000 for alleged injury to the plaintiff by being hit by a gate maintained and managed by the West Shore Railroad Company, of which defendant was receiver, across the highway at the railroad crossing near Coeymans, on the 4th of September, 1885. The plaintiff's proof tends to show that on that day he was riding on a market wagon loaded with produce, and that while passing under the gate, which was hoisted, the same was let down by the defendants' employe in such a manner as to collide with the plaintiff and knock or scrape him from the wagon, by reason of which he was injured.

The evidence on the part of the defendants tended to show that the plaintiff in looking back after passing the railroad and after passing through the gate lost his balance and fell from his wagon, and that he was not hit by the gate. Upon this conflict of evidence the jury found with the plaintiff. On the trial the plaintiff was permitted to prove by Dr. Balch that on the 3d day of May, 1886, he examined the plaintiff for the purpose of determining his condition in reference to the injury complained of, and he testified that plaintiff " complained more or less of pain upon pressure about the neck, and pain when I attempted to move his head." The defendants objected to statements made at that time, and the objection was overruled and the witness proceeded: " Pressure upon the head, driving the head down upon the neck, caused pain ; the patient winced, twisted, tried to get away from me." This was objected to by defendants as acts and declarations of the plaintiff made eight months after the injury, and the objection was overruled, and the defendant duly excepted.

The objection to this evidence was after the same had been given, and there was no motion to strike it out; but as the evidence seemed to have been given in narrative form, and no point raised that the objection came too late, it was probably in time to raise the legal question as to the admissibility of the evidence offered. At the time of this examination the doctor found no abnormal conditions of plaintiff, either from his personal examination or the application of tests by compass-points or electricity, except such as appeared from the complaints and wincing of the plaintiff and the

scar on his forehead and ear, but from the evidence of the plaintiff's complaints and wincing the jury were left to infer manifestations of continuing effects of the injury, and that must have been the object for which the evidence was offered.

It has long been settled as a rule of evidence that exclamations of pain and sufferings by a party receiving a physical injury were competent when made at or about the time of the injury, and this rule has been recognized since the enactment of section 398 of the Code of Procedure in 1869, and the various other subsequent acts, making parties competent as witnesses in their own behalf, and the same was adhered to in *Hagenlocher* v. *Railroad Company* (99 N. Y., 136), but in that case, as in most other cases upon that subject, the rule was confined to statements, exclamations and acts about the time of the alleged injury. The ground upon which declarations of this sort are admissible seems to be either that they constitute a part of the *res gestæ*, or that they must be received from necessity to prevent a failure of proof, or that they are the involuntary exclamations of pain from the injury at the time of its infliction. In this case it could not be claimed that the complaints and writhings eight months after the injury were a part of the *res gestæ*, that was the injury at the railroad. It cannot be claimed competent from necessity, as the plaintiff was a competent witness, and if his feelings, on being examined by Dr. Balch, were competent or material evidence he could have been called to swear to them.

It cannot be claimed that it was the involuntary exclamation of pain from the injury at the time of its infliction, for eight months had elapsed since the injury. In any aspect of the case we do not see how the complaints and writhings of *the* plaintiff, made and performed eight months after the alleged injury, can be competent as against this defendant. To treat them as competent evidence would, it seems to us, put it in the power of a party to manufacture evidence against his adversary that would not only be dangerous but subversive of well settled rules of evidence.

The defendants also insist that the learned justice erred in his charge to the jury upon the question of damages. The learned justice, in his charge to the jury upon that subject, says: " He (the defendant) is entitled to be fully compensated for all loss he has sustained — for all pain he has suffered — not only suffered in the past, but he claims

to be suffering now, and which he claims the evidence of the physicians fairly indicate that he will suffer during the residue of his life." Again, after saying, in effect, that if the jury find by a preponderance of proof "that the plaintiff is entitled to recover, you will award him such fair, just sum as shall fully compensate him for the loss he has sustained, for the pain he has endured and for the pain he is likely to endure in the future."

To these propositions in the charge the defendants duly excepted. Two medical experts were examined on the trial by the plaintiff, but neither of them expressed any opinion as to the probable future effect of the alleged injury upon the plaintiff, and there appears to be no evidence in the case from which the jury would have a right to speculate or infer that the injury was permanent or one from which the plaintiff was likely to suffer in the future. We think, therefore, that the direction of the learned justice, as to pain or injury, which the plaintiff claimed the "evidence of *the* physicians fairly indicated he will suffer during the residue of his life," and for the pain he is likely to endure in the future, was within the authorities erroneous. Damages are to be proved and none can be allowed except such as are shown by the proof to be, at least to a reasonable degree, certain (*Curtis* v. *R. R. Co.*, 18 N. Y., 534–542.) In the case last cited the court charged that the bodily pain which the plaintiff was likely to suffer, in consequence of the injury, could be considered by the jury, and the Court of Appeals say this was error which would have been fatal to the judgment if the judge had not subsequently modified the same.

In *Strohm* v. *Western Railroad Company* (96 N. Y., 306) the court say: "Future consequences, which are reasonably to be expected to follow an injury, may be given in evidence for the purpose of enhancing the damages. But to entitle such apprehended consequences to be considered by the jury, they must be such as in the ordinary course of nature, are reasonably certain to ensue. Consequences which are contingent, speculative or merely possible, are not proper to be considered in ascertaining the damages. It is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor present damages for apprehended future consequences there must even that they are likely to so develop. To enable a plaintiff to recover

be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury."

Tested by these rules it cannot be said that the evidence in this case justified the charge as to future damages from the alleged injury, and yet the charge was well calculated to lead the jury into a field of conjecture and speculation upon that subject, not based upon the evidence in the case but upon the claim of the plaintiff for damages for supposed prospective suffering, which might, and probably did, influence them in fixing the amount of their verdict.

If we are right in our conclusions upon the points discussed, it is unnecessary to examine the other question raised by the appellant on this appeal as to the motion for a new trial upon the merits on the ground of excessive damage.

The judgment must be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J.:

I concur upon the second ground, but in examining a patient a physician must often depend on the apparent effect produced by pressing upon or touching some part of the body. If the patient winces or cries out apparently with pain, this is reasonable evidence that there is tenderness of *that* part, and I should be unwilling to say that such indications of pain could not be testified to by the physician as a part of the result of the examination.

LANDON, J.:

I concur on both grounds. Dr. Balch did not testify that, in his opinion, the plaintiff had any existing disability. His examination was valueless unless it led to a conclusion. Any layman could have pressed or twisted the plaintiff and have seen him wince and heard him complain. I do not think the exclamations of the patient, in the absence of medical testimony that they were obvious indications of existing disability, were competent.

Judgment reversed, new trial granted, costs to abide event.