LIZZIE GRISWOLD, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

In an action to recover damages for personal injuries alleged to have been caused by defendant's negligence, the evidence of medical experts having knowledge of the case as to the probability of a continuance of the injuries or of a recovery therefrom is competent.

*Strohm* v. *N. Y., L. E. & W. R. R. Co.* (96 N. Y. 305); *Tozer* v. *N. Y. C. & H. R. R. R. Co.* (105 id. 617) distinguished.

*Mem.* of decision below, 44 Hun, 236.

(Argued May 1, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 19, 1887, which affirmed a judgment in favor of the plaintiff, entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligence.

The facts, so far as material to the question. discussed, are stated in the opinion.

*John H. Camp* for appellant. The court erred in permitting Dr. Squires to answer the following question : " I ask you what the result of such a fall, in your opinion, would be, or, of this condition, what result would *be likely* to follow ; what would *probably*, from what you know of the condition of this woman, from the time this existed and from your examination, what is the *probability* of her recovery from this injury ? " (*Curtis* v. *R. & S. R. Co.*, 18 N. Y. 534–542 ; *Strohm* v. *N. Y*, *L. E. & W. R. R. Co.*, 96 id. 305, 306 ; *Tozer* v. *N. Y. C. & H. R. R. R. Co.*, 105 id. 617–659 ; 6 N. Y. S. R. 447 ; 38 Hun, 100 ; *Dawson* v. *City of Troy,* 49 Hun, 322 ; *Bailey* v. *Westcott,* 16 N. Y. S. R. 671.) The court erred in permitting the witnesses Squires, Chapman and Lewis, to answer whether it was *probable* or whether they *thought* the plaintiff would recover. (*Curtis* v. *R. & S. R. Co.,* 18 N. Y. 534–542 ; *Strohm* v. *N. Y., L. E. & W. R. R. Co.,* 96 id. 305, 306 ; *Tozer* v. *N. Y. C. & H. R. R. R. Co.,* 105 id. 617–659 ; 6 N. Y. S. R. 447 ; 38 Hun, 100 ; *Dawson* v. *City of Troy,* 49 Hun, 322 ; *Bailey* v. *Westcott,* 16 N. Y. S. R. 671 ; *Richman* v. *S. A. R. R. Co.,* 15 id. 928 ) The objection to the testimony of Doctors Chapman and Lewis was sufficient, though general. (*Tozer* v. *N. Y. C. & H. R. R. R. Co.,* 105 N. Y. 639.)

*Isaac S. Signor* for respondent. There was not only evidence on which the findings of the jury can be sustained, but the preponderance of evidence was largely in the respondent's favor, and the verdict is not against the weight of evidence, within the meaning of that term as used in the Code, and defined by the courts. (*Cheeney* v. *N. Y. C. & H. R. R. R. Co.,* 16 Hun, 415, 420 ; *Betsinger* v. *Chapman,* 24 Hun, 15, 17 ; *Greaney* v. *L. I. R. R. Co.,* 101 N. Y. 419, 423 ; *Vanderwald* v. *Olsen,* 1 N. Y.

S. R. 506.) The verdict is not excessive. (*Harold* v. *N. Y. El. R. R. Co.*, 24 Hun, 184; *Minck* v. *City of Troy*, 19 id. 253, 257, 258; *Bierbauer* v. *N. Y. C. & H. R. R. R. Co.*, 15 id. 559, 564.) The question "What is the probability of her recovery?" and other similar questions were proper. (*Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 42; *Strohm* v. *N. Y., L. E. & W. R. R. Co.*, 96 id. 305; *Turner* v. *City of Newburgh*, 109 id. 309; *Bateman* v. *N. Y. C. & H. R. R. R. Co.*, 14 N. Y. S. R. 456; *Reichman* v. *S. A. R. R. Co.*, 15 id. 929; *Cook* v. *N. Y. C. & H. R. R. R. Co.*, 17 id. 353; *Girrard* v. *R. C. & B. R. R. Co.*, 18 id. 697; *Ney* v. *City of Troy*, 20 id. 321.) The questions put to defendant's witness, Dr. Cochrane, were put on cross-examination, were proper to test the accuracy of statements made by him on direct-examination and to test his knowledge as an expert, and were competent. (*Dilleber* v. *Home Life Ins. Co.*, 87 N. Y., 79.)

FINCH, J. The plaintiff, after proving the injury which she had suffered from the negligence of the defendant company, was allowed to inquire of a medical witness, having knowledge of the case, as to the probability of her recovery. The same question, with slight and immaterial changes of form, was permitted to be answered by other competent medical witnesses, and the exceptions to this class of evidence furnish the sole ground of appeal.

The appellant relies upon *Strohm* v. *New York, Lake Erie and Western Railroad Company* (96 N. Y. 305) and *Tozer* v. *New York Central and Hudson River Railroad Company* (105 id. 617). We said of these cases in *Turner* v. *City of Newburgh* (109 N. Y. 309) that they "simply preclude the giving of evidence of future consequences which are contingent, speculative and merely possible as the basis of ascertaining damages," and we added "that they in nowise conflict with the rule allowing evidence of physicians as to a plaintiff's present condition of bodily suffering or injuries, of their permanence and as to their cause." The questions

objected to in this case related to the permanence of the injuries, and sought a medical opinion as to their continuance in the future or a recovery from their effects. The inquiry was proper and competent. There is an obvious difference between an opinion as to the permanence of a disease or injury already existing, capable of being examined and studied, and one as to the merely possible outbreak of new diseases or sufferings having their cause in the original injury. In the former case that disease or injury and its symptoms are present and existing, their indications are more or less plain and obvious, and from their severity or slightness a recovery may reasonably be expected or the contrary; while an opinion that some new and different complication will arise is merely a double speculation — one that it may possibly occur, and the other that if it does it will be a product of the original injury instead of some other new and, perhaps, unknown cause.

The questions objected to were not inadmissible because they sought the probabilities of a recovery. Certainty was impossible. Medicine is very far from being an exact science. At the best, its diagnosis is little more than a guess enlightened by experience. The chances of recovery in a given case are more or less affected by unknown causes and unexpected contingencies; and the wisest physician can do no more than form an opinion based upon a reasonable probability. It is argued that the witness must have an opinion as to the permanence of the injury, and then may express that; but necessarily the opinion must rest upon a balance of probabilities, inclining the medical judgment one way or the other, and the opinion given is none the worse because it expresses, and does not conceal, that it rests upon a reasonable probability strong enough to justify the formation of an opinion. Substantially, that was the result of the evidence given, and the objection to it was properly overruled.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.