DANIELS and BRADY, JJ., concur.

---

GERRITT SMITH, Respondent, *v.* CORNELIUS J. DUMONT, Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Negligence. Surgeon.*—In an action against a surgeon for an injury caused by unskillful treatment, a recovery will not be allowed unless the injury is the natural and probable consequence of the wrongful act or omission of the defendant.
2. *Same.*—In order to entitle the plaintiff, in such case, to recover damages for a permanent injury, it is necessary for him to prove that this permanent injury would not have been present had not the defendant been guilty of negligence or want of skill.

Appeal from a judgment entered upon a verdict, and from an order denying a new trial.

*E. C. James*, for appellant.

*W. H. Arnoux*, for respondent.

VAN BRUNT, P. J.—This action was brought to recover damages against the defendant, who was a physician and surgeon in the city of New York, which the plaintiff alleges he sustained by reason of the unskillful and negligent treatment by the defendant, as such surgeon, during two weeks while he was suffering from a fracture of the leg and ankle known as Potts' fracture.

The answer of the defendant admitted that he was employed to and did attend and care for the plaintiff while he was suffering from a fracture of the nature described in the complaint, and denied each and every other allegation in the complaint.

Upon the trial, the plaintiff's claim for damages seems to have resolved itself into three items, viz. : for unnecessary pain which he suffered during the two weeks of the defendant's treatment; for the delay in his recovery; and for a permanent injury caused by the negligent and unskillful treatment of the defendant.

Evidence was offered to show the injury to the plaintiff, that he had sustained the fracture alleged in the complaint, and that he was attended by the defendant, from which it was claimed that he had not properly diagnosed the injury, and that as a result his recovery was delayed; that he suffered unnecessary pain, and that permanent injury resulted.

It will not be necessary in order to determine the single question which will be discussed upon this appeal to detail to any extent the evidence which was introduced upon the trial of this action.

The court charged the jury as follows : amongst other things. If you believe that the injury to the plaintiff was caused by the want of such reasonable and ordinary skill and care (referring to the skill and care of the defendant), and that his own negligence did not contribute to it, then you will find a verdict for him in such sum as will compensate him for the pain he suffered, and for any permanent injury that has resulted.

To this part of the charge the defendant's counsel excepted, and the court was asked to charge that there was no proof in the case which would justify any verdict for a permanent injury, which request was refused, and an exception was taken.

The court also charged, at the request of the plaintiff, that if the jury were satisfied from the evidence that the plaintiff had Potts' fracture, and that the defendant failed to discover it, and treated him instead for a break of both bones of the leg, some five inches above the ankle, they might award damages to the plaintiff, provided such treatment caused unnecessary pain or permanent injury to the plaintiff.

The court further charged, at the request of the plaintiff, that if the jury were satisfied from the evidence that the defendant recognized the injury as Potts' fracture, and treated it instead simply as a fracture of the bones of the leg, some five inches above the ankle, for two weeks, they might award damages to the plaintiff, provided that they thought that such treatment caused unnecessary pain or permanent injury to the plaintiff.

To these charges the defendant excepted, and the question raised by these exceptions is, whether or not there was any evidence from which the jury had a right to infer that there would be a permanent injury resulting from the negligence of the defendant, and to award damages therefor.

The only evidence in favor of the plaintiff upon this point is that of the physician, Dr. Stinson, who testified as follows:

Q. Did you examine Mr. Smith's foot here in court yesterday? A. I did.

Q. Tell the jury what you observed about the injury, as to its permanency or otherwise. A. There was a swelling on the side of the small bone of the leg showing where it had been broken; there was a thickening there, what we call the callous.

Q. Where did it indicate it was? A. About there (illustrating); there was some limitation of motion.

Q. Did you observe the inside malleolus was broken ? A. I did not stop to look at that ; I felt a roughness ; I felt it with my thumb; I had my glove on at the time.

Q. Could you tell by an examination ? A. I could; there was some restriction of the range of motion of the foot in the direction that brings the foot up to the front, that way (illustrating).

Q. Is that an essential motion in the act of walking ? A. That is the only one at the ankle joint with fore and aft movement.

Q. And is that the one in which you say you discovered the permanent injury ? A. It is not as free as it is in the other foot.

Q. In your opinion, would that be a permanent injury? A. Some of it will stay, if not all.

At a further stage of his testimony, still upon the direct, the witness testified as follows :

" The stiffness of the joint, so far as it exists, is probably due to thickening and loss of pliability in the soft parts about the joint; that thickening and loss of pliability are due to preceding inflammation, and that inflammation is due to the original injury and to the displacement, and, in the assumed case, to the recurrences of the displacement; *to* that extent those two weeks of the mobility of the foot would have a tendency, by increasing the inflammation, to add to the subsequent loss of pliability ; the subsequent thickness of the soft parts—that is all ; it would only have a tendency that way ; that tendency may, of course, be overcome.

And upon cross-examination the witness stated that he recognized the fact, as an expert, that in any circumstances a Potts' fracture, when the very best surgical skill is employed, and that skill is employed at the most opportune time and under the best circumstances, the joint will remain permanently inferior to its former condition. And the witness was then asked the question : " You are not prepared to

say to this jury that the present condition the plaintiff presents is due to the fact of what he says in regard to the treatment he received at the hands of Dr. Dumont?" And he answered: "I have not said it."

It is thus clear that the physician, upon the part of the plaintiff, was unwilling to impute the permanency of the injury under which he was suffering, or would suffer, to any neglect or want of care or skill on the part of the defendant.

It seems to us, therefore, that the case is absolutely barren of any evidence from which it may be inferred that the permanent injury which the plaintiff would suffer had come from any neglect or want of skill upon the part of the defendant.

It is laid down as a rule governing recoveries upon grounds of this character that such recovery will not be allowed unless the evidence shows that the injuries are the natural and probable consequence of the wrongful act or omission of the defendant; where they are remote or speculative, the law will not enter upon an inquiry, for the reason that such a degree of certainty cannot be arrived at in respect thereto as will constitute a safe ground for judicial action.

In the case of Strohm *v.* N. Y., L. E. & W. R. R. Co. (96 N. Y. 306), this rule is laid down with great distinctness, that it is not enough that the injuries received may develop into a more serious condition than those which are visible at the time of the injury, nor even that they are likely to so develop. To entitle the plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring as to amount to a reasonable certainty that they will result from the original injury.

It may be said in answer to the rule just cited that the court was then treating of the question as to whether the present injury would or would not be permanent, whereas the evidence in this case shows with reasonable certainty

that some portion of the injury which was then present at the time of the trial would remain and be permanent. It is true that there is this distinction between the cases, but the principle is precisely the same. In order to entitle the plaintiff to recover for the permanent injury which it was proven that he had sustained, it was necessary to prove that this permanent injury would not have been present had not the defendant been guilty of negligence or want of skill. And there is not a scintilla of evidence in this case, and not one witness has testified to the fact, that the permanent injury was the result of the want of care or skill of the defendant. In fact, the whole tendency of the evidence is that it was as good a result as could be expected, and as good as was attained in the majority of cases even when the most perfect and best and most experienced treatment was afforded. It would seem, therefore, to be nothing but the wildest speculation to allow the jury to find from this evidence, or rather from this want of evidence, that the permanent injury which the plaintiff was likely to suffer, as one of the effects of the accident, resulted from the want of skill or care of the defendant. There seem to have been other errors committed during the progress of the trial, but these it is not necessary to discuss, as, for the reasons above stated, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide event.

All concur.