MICHAEL POPP, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

1. *Negligence. Inference.*—Where any inference is to be drawn from the evidence bearing upon the question of contributory negligence, such inference must be drawn by the jury.
2. *Evidence. Negligence.*—Evidence of loss of time, and consequently, of the value of time lost, is admissible under an allegation of general damages.
3. *Same. Expert.*—A physician, who has treated the plaintiff for the injuries complained of, may, after describing such injuries and the condition of the patient down to the time of the trial, be allowed to give an opinion as to the continuance of the pain.

Appeal from a judgment entered on the verdict of a jury at the Monroe circuit, and from an order of special term denying the defendant's motion for a new trial on a case and exceptions.

Action for personal injuries.  Plaintiff was a market gardener, and while attempting to cross the defendant's tracks with his wagon and team, the rear part of the wagon was struck by the "limited" train and plaintiff was injured.

It appeared that for some distance from the crossing the view was obstructed by trees and buildings ; that there was a cut.  The plaintiff listened for trains, but heard none.  He drove slow at first and then shot right in the cut.  He looked to the east, where a switch engine was kept, and then turned to look west, when the horses became frightened and sprang forward and the engine struck the back of the wagon, cutting it in two.  It also appeared that there was no place where plaintiff could have turned or backed out.

A motion to dismiss on the ground of contributory negligence was denied.

*A. H. Harris*, for appellant.

*W. S. Oliver*, for respondent.

DWIGHT, J.—After a careful perusal of the evidence in this case we come to the same conclusion as that reached by the trial judge, on the motion at special term, that the case furnishes no exception to the rule so constantly declared in cases of this character, that where any inference is to be drawn from the evidence bearing upon the question of contributory negligence, that inference must be drawn by the jury.  Weber *v.* Railroad Co., 58 N. Y. 451 ; Stackus *v.* Railroad Co., 79 N. Y. 464 ; Sherry *v.* Railroad Co., 104 N. Y. 652 ; Parsons *v.* Railroad Co., 22 N. Y. State Rep. 697, 702.

In the last case cited the court, by RUGER, Ch. J., after defining, in familiar language, the degree of care to be required of the party injured, says, "This rule must in all cases, except those marked by gross and inexcusable negligence, render the question involved one of fact for the jury."  The

case at bar was not within the exception thus strictly defined. The motion for a nonsuit, on the ground of contributory negligence, was properly denied.

The two remaining exceptions relate to rulings upon questions of evidence.

A physician, Dr. Jones, who had treated the plaintiff for the injuries complained of, after describing those injuries and the condition of the patient down to the time of the trial, was asked by the plaintiff, " judging from the length of time the pain has lasted since the injury, state whether you think it highly probable—reasonably certain—that it will continue? " The question was objected to by the defendant " as too speculative and remote." The objection was overruled and the defendant excepted. The witness answered: " I think the chances of his not getting well, and being perfectly free from pain and trouble with that side, after this length of time, would be in favor of his not getting well; I think there will be more chances of his not getting entirely well than of his getting entirely well."

Counsel for the defendant moved to strike out the testimony, which was refused, and an exception taken. At the opening of the court the next morning counsel for the plaintiff asked that this testimony be stricken out. The court complied with the request and instructed the jury to disregard the evidence in question, to which ruling and instruction counsel for the defendant excepted. In its charge, also, the court instructed the jury that the testimony of Dr. Jones on the question of the probable permanence of the plaintiff's injuries had been stricken out of the case, and was not to be considered by them at all.

We think, under the authority of Griswold *v.* R. R. Co., 23 N. Y. State Rep. 729, that the evidence objected to was properly received. In that case, the court, by FINCH, J., distinguishes the cases of Strohm *v.* R. R. Co., 96 N. Y. 305, and Tozer *v.* R. R. Co., 105 N. Y. 617, and points out the " obvious difference between

an opinion as to the permanence of a disease or injury already existing, capable of being examined and studied, and one as to the mere possible outbreak of new diseases or sufferings having their cause in the original injury." We think the opinion testified to by Dr. Jones in this case was clearly within the former category, and not the latter, and was, therefore, properly received in evidence. The request of counsel for the plaintiff to strike it from the case was probably made "for greater caution." The exception of the defendant to the ruling striking out the evidence was, of course, unavailing, and its exception to the original ruling by which it was admitted was not well taken under the authority of the case of Griswold, *supra.*

Evidence was received of the value of the plaintiff's customary earnings. It was objected to on the ground that no cause of action for special damages was alleged in the complaint. The objection was not well taken. The complaint did allege that the injuries complained of rendered the plaintiff "incapable of labor," and the rule seems to be established that evidence of loss of time, and, consequently, of the value of time lost, is admissible under an allegation of general damages. Ward *v.* Vanderbilt, 4 App. Ct. App. Dec. 521; Leeds *v.* The Metropolitan Gaslight Co., 90 N. Y. 26; Cabot *v.* McKane, 1 N. Y. State Rep. 495. We think, moreover, that the allegation in this complaint of inability to labor produced by the injury, was sufficient to bring the case within the doctrine of Ehrgott *v.* The Mayor, etc., 96 N. Y. 275.

The judgment and order appealed from should be affirmed.

BARKER, P. J., and MACOMBER, J., concur.

NOTE ON "EVIDENCE AS TO RESULTS OF INJURY."

Evidence that the precise injury was caused by a fall and is permanent, is proper, in an action for negligence. Montgomery *v.* L. I. R. R. Co., 55 Hun, 611.

Evidence as to the permanency of an injury is admissible. Morison *v.* B. & S. A. R. R. Co., 55 Hun, 608.

Note on " Evidence as to Results of Injury."

In an action for injuries caused by the maintenance of an obstruction in the streets, the question put to a medical witness as to what result will follow, with reasonable certainty, for such injuries, is proper. Forde *v.* Nichols, 36 N. Y. St. Rep. 729.

In an action for injuries, evidence of a physician that, when he last examined the plaintiff's arm, she had a persistent pain in it, is not objectionable. Rosevelt *v.* Man. R. R. Co., 37 N. Y. St. Rep. 894.

Evidence as to the permanency of injuries is admissible without such allegation in the complaint. Id.

In an action for injuries, plaintiff's condition and appearance some time after the injury are competent. McSwyny *v.* B. & S. A. R. R. Co., 54 Hun, 637.

She may testify that her power of motion is not what it was before the injury.

She need not submit, on trial, to an examination of physicians at the defendant's request. Id.

In an action for negligence, evidence of the future results of an injury is improper. Atkin *v.* Man. R. Co., 57 Hun, 102.

A question to a physician as to what symptoms he treated plaintiff for, from the time of the accident, due entirely to the injuries she received at that time, is objectionable. Id.

Proof as to the probability of a recovery is competent. · Griswold *v.* N. Y. C. & H. R. R. R. Co., 115 N. Y. 61.

As to when expert testimony of the probable future result of an injury is inadmissible, see DeSoucey *v.* Man. R. R. Co., 39 N. Y. St. Rep. 79.

A medical expert may testify that it is extremely doubtful that plaintiff will recover from the injuries. Ney *v.* Troy, 50 Hun, 604.

A medical expert may testify that it is extremely doubtful whether plaintiff will ever recover from the injuries. Campbell *v.* N. Y. C. & H. R. R. R. Co., 51 Hun, 642.

In an action for injuries, an expert may testify that plaintiff's leg will never, in his opinion, be as well as before. Rhines *v.* Royalton, 61 Hun, 624.

A merely speculative answer should be stricken out on motion. Miley *v.* B. & S. A. R. R. Co., 55 Hun, 608.

Evidence as to condition of plaintiff's health and appearance is competent. Corbett *v.* Troy, 53 Hun, 228.

The evidence of a physician as to the probable results of an injury, as distinguished from mere possible future consequences, is admissible in an action for negligence. McClain *v.* Brooklyn City R. R. Co., 116 N. Y. 459.

A medical expert may give an opinion as a witness, as to the natural and reasonably certain consequences to be expected from physical injuries. Wallace *v.* Vacuum Oil Co., 128 N. Y. 579. He may also give his opinion upon a hypothetical case predicated upon facts disclosed by the evidence. Id.

A physician should not be allowed to testify, in an action for personal injuries, as to the possible outbreak of future disease or suffering. O'Brien *v.* N. Y., N. H. & H. R. R. Co., 59 Hun, 623.

Questions addressed to a physican, in an action for negligence, calling for his opinion as to whether the physicial condition in which he found the plaintiff upon his examination of her could have resulted from a fall is not objectionable. Turner *v.* City of Newburg, 109 N. Y. 301.

It is perfectly competent to furnish the jury with evidence of the present physical condition and bodily sufferings, and with the opinions of competent physicians as to whether such condition and sufferings could have resulted from the accident, and as to their permanence. Ehrgott *v.* Mayor, etc., 96 N. Y. 264. See Strohm *v.* N. Y., L. E. & W. R. R. Co., Id. 305; Tozer *v.* N. Y. C. & H. R. R. R. Co., 105 Id. 617.

In Jones *v.* Utica & B. R. R. R. Co., 40 Hun, 349, the opinion of a physician as to what must be, in the ordinary course of nature, the effect of injuries described upon the health of a person, was held to be admissible. Id.

## In the Matter of JOHN H. POST.

*Supreme Court, Second Department, General Term, September 9, 1889.*

*Tracy, MacFarland, Boardman & Platt,* for motion.

*John H. Post,* in person, opposed.