Edward H. Swan, Jr., Respondent, v. The Long Island Railroad Company, Appellant.— Judgment reversed and new trial granted, on the ground of excessive damages, with costs to appellant to abide event.—

PARKER, J. : The evidence fully justified the court in submitting to the jury the question of defendant's negligence. They not only found that the injury to the plaintiff was wholly due to defendant's neglect, but that he had sustained damages in the sum of $12,500. It appears that since the injury plaintiff has expended $200 for medicine, and about $450 for medical attendance ; that it was over five weeks after the accident before he was able to return to the city, and that thereafter he used a crutch for a period of eight weeks, and still continues to use a cane. Further inquiry is naturally prompted in respect to the nature of the injury, which caused the jury to award the plaintiff damages in a sum which, if invested at the rate of six per cent, would produce an income of $625 a year during his life, and leave the principal intact for those dependent upon him — a yearly income equal to twenty-five per cent of that resulting from his labor both before and since the accident — for his employers continue to pay him the same salary as before. Dr. Steinzig, who dressed the wound immediately after the injury, testified : " In other words, the leg was black and blue from a point a little above the knee joint to a point a little below, about five inches, and under the knee there was a slight cut of the skin. Couldn't say how deep this cut was under the knee joint. I couldn't say whether it was anything more than a superficial cutting away of the skin. I don't think it was more than a quarter of an inch wide. I should think it was an inch long. It was not a cut, it was more of a tear, not a clean cut. There was no bone broken, no muscle cut, no cord cut and no vein or artery cut that I could see." The other physician called by the plaintiff said that " one of the principal nerves of the limb had received contusion, as shown by an examination of the parts beneath it ; that is, of impaired sensibility," for which he prescribed tonics, electricity, and that the patient go into the country. The plaintiff explained how the injury had kept him from lawn tennis, boating and athletics generally, and described quite fully the severity of the pain which he had suffered and was still suffering. The doctor gave him such support as he reasonably could in that direction. He said: " On examining it I found that there was a horizontal scar in the ham, about behind the knee. On making extension, very great pain." " Q. Could you judge from your examination of the cause of his pain, and, if so, in what way other than by the simple statements of the witness? A. It is different with different patients. In Mr. Swan's case I judged from his character that he knows when he is hurt, and if I press on a certain place and he complained of pain, and I press on another place and he does not complain of pain, I have reason to believe he is not deceiving me, and he has pain over the parts about which he complains when I used the pressure." It is quite apparent that his answer is not within the definition of diagnosis as given by Judge Finch in the *Griswold Case* (115 N. Y. 64). He said, " at the best, diagnosis is little more than a guess, enlightened by experience." Here we have, so far as the element of pain is involved, a guess enlightened only by the statement of the patient, which ought not to have had, but probably did have, greater weight because reaching the jury through the mouth of the physician. Undoubtedly the bruise was a severe one, occasioning the plaintiff expense; preventing him for a time from working, and causing him to suffer severe pain. But the results flowing from it did not justify, as we think, an award to the plaintiff of $12,500 as compensation for the injury sustained. The judgment should be reversed because the damages are excessive, and a new trial granted, with costs to the appellant to abide the event. Follett and Van Brunt, JJ., concurred.