WILLIAM C. WALLACE, Respondent, *v.* THE VACUUM OIL COMPANY, Appellant.

*Court of Appeals, June 2, 1891.*

1. *Evidence. Expert.*—Questions calling for the opinion of a medical expert based upon his knowledge of the plaintiff's physical condition, which he may have derived from outside sources, and is not predicated solely upon the facts in evidence, and allowing him to state possible, speculative, and not reasonably certain damages, are incompetent; but a specific objection is necessary to present the point on appeal.

2. *Same. Objections.*—A general objection to a question will not suffice, unless the question is altogether improper, or the evidence called for is in its nature quite inadmissible.

Appeal from judgment of the supreme court, general term, fifth department, affirming judgment for plaintiff entered upon a verdict at circuit.

*Marsenus H. Briggs*, for appellant.

*E. B. Fenner* and *Geo. C. Wollcott*, for respondent.

GRAY, J.—The appellant relies upon the point that, in the admission of certain evidence the trial court materially erred. The action was brought to recover damages for personal injuries, of a severe and permanent nature, received by plaintiff from an explosion of naptha, which had leaked into the city sewers from a defective pipe belonging to defendant. The physician who attended the plaintiff was examined as a witness, and gave evidence concerning the nature and duration of the injuries. The errors in the rulings, which were

insisted upon before us, the counsel finds in the course of the examination of this witness.   He was asked:

Q. Assuming the man's age to be from 58 to 60 years, and judging from that and from. the whole history of his case and what you have learned of it in all ways, would you say that it is your opinion that the trouble of the heart is likely to improve to any extent in his case or not?

Objected to as immaterial and incompetent.

Received.   Exception.

A. I think it is not likely to improve.

Q. The same question in regard to his neck and spine and the position of his head, what do you say in regard to that trouble, from your history of the case and your experience with it?

Objected to, as immaterial and incompetent.

Received.   Exception.

A.   The spinal trouble would improve were it not for the fact that he is obliged to carry himself in this condition. That will keep up an irritation of the spine continually, because this stiffening cannot be removed.

It is to be observed that the objection does not specify the grounds for excluding the question, or in what respects the evidence, called for by the question, is improper, and it is in effect general in its nature.   As a general objection, it may be conceded that it would suffice if the question was altogether an improper one or the evidence called for, in its nature, quite inadmissible.   But we cannot say that.   The witness was qualified to give his opinion upon the natural and reasonably certain consequences in the future to be expected from the physical injuries and disturbances from which the plaintiff suffered, and such evidence would be properly admitted.   He might also have properly given his opinion upon a hypothetical case, presented by a question which resumed the facts disclosed by the evidence.   The objectionable feature in the questions, as asked, consisted in the counsel's calling for an opinion based upon the witness'

knowledge of the plaintiff's physical condition, which he may have derived from outside sources, and might not be predicated solely upon the facts in evidence; and the question allowed the witness to state possible consequences, and such as were speculative and not reasonably certain. But had the objection to the questions stated these grounds, the examining counsel, if he desired to press the examination in that line, might have recognized its correctness and have changed the form of his question, eliminating the objectionable elements. In the case of Strohm *v.* R. R. Co., 96 N. Y. 305, as in other cases cited from the reports of this court, the grounds of the objection were specified. That mode of procedure, in confining the examination of a witness within strict, legal limits, is proper and it is the one which we have endeavored to emphasize. Turner *v.* City of Newburgh, 109 N. Y. 301; 15 N. Y. State Rep. 93.

The judgment and order should be affirmed, with costs to respondent.

All concur.

---

### NOTE.

For effect of general objection, see Stouter *v.* Man. R. R. Co., *ante.*

As to basis of opinion of expert, see Page *v.* Mayor, etc., 57 Hun, 123; Connelly *v.* Man. R. R. Co., 60 Id. 495; People *v.* McElvaine, 121 N. Y. 250; People *v.* Smiler, 127 Id. 717; Matter of Mason, 60 Hun, 46; People *v.* Augsbury, 97 N. Y. 501; Reynolds *v.* Robinson, 64 Id. 589; Guiterman *v.* Liverpool, etc., S. Co., 83 Id. 358; Hagerdorn *v.* Conn. M. L. Ins. Co., 22 Hun, 249; Gregory *v.* N. Y., L. E. & W. R. R. Co., 55 Id. 303; Uransky *v.* D. D., E. B. & B. R. R. Co., 59 Id. 626; Barton *v.* Govan, 116 N. Y. 658; Loveless *v.* Man. R. Co., 57 Supr. 3.