Hatch, J.
The points presented by this appeal relate to exceptions taken to the ruling of the court admitting certain testimony, and an exception to the court’s refusal to charge as requested. The testimony of the plaintiff and her aunt tended to establish that, while riding as a passenger in defendant’s train, while in motion, it came in collision with the rear end of a freight train on defendant’s road, and the sudden stoppage occasioned *146 thereby threw the plaintiff.forward, and then backward, the latter motion causing her back to come violently in contact with the arm of the seat in which she was sitting, inflicting the injuries complained of. Respecting the injuries received, the plaintiff, her aunt and mother, testified that they observed, shortly alter the injury, lumps upon her spine in the small of the back, which were discolored and tender; that they remained at the time of the trial, but were not then as large ; that her general health before the accident was good. It further appeared that, about a month alter the accident, a physician was called, who made an examination and prescribed for her. He was called as a witness, and testified to the examination which he made, and stated what he discovered, but was not then interrogated respecting the lumps upon the back, and gave no testimony concerning them. After describing her condition and what he discovered, he was asked by plaintiff’s counsel : “If her health—her general health—so far was good, before this accident, if she had been thrown forward in the car and struck with force enough so as to occasion considerable pain across her chest, and then thrown back so as to strike her back on the arm of the seat and occasion some considerable pain and some lumps upon her spine, would you say that did or did not tend to occasion this nervous condition?” Defendant objected, on the ground that the question embodied only a partial statement of the facts. The objection was overruled, exception was taken, and the witness answered : “I should think that would cause this condition.” As the testimony stood at this time, we think that.this question fairly presented plaintiff’s theory, and was justified by her proof. Filer v. Railroad Co., 49 N. Y. 46. Subsequently it appeared, by the testimony of this and other physicians called by plaintiff, that the lumps were not pathological or anatomical, but natural, and one of the physicians stated that the lumps were simply a callous caused by tight-lacing. Plaintiff and the other witnesses before notice were not further interrogated upon this subject, and the testimony remained in this condition. Claim is now made that error was committed, as the uncontradicted evidence is that these lumps were not occasioned by the accident. This claim is not supported by^he evidence. It is true that the physician say, practically, that there was no connection between ‘ the lumps and the injury, but this is not in harmony witlr the other testimony, which is to the effect that, shortly after the injury, they were discovered, were then discolored, tender, and larger than at the time of the trial. At the most, the record then presented contradictory testimony upon that subject, and the jury were at liberty to accept either version. But, if it be conceded that the testimony of the physicians is the correct version, defendant is not aided. At the time when the question was propounded and answered, the testimony of the physicians in this regard had not been given; the evidence then supported the question propounded ; and, as we have seen, the ruling was proper. If defendant desired to have the element of lumps removed from the consideration of the jury, it became incumbent upon it to in some manner call the court’s'attention to it, either by motion to strike *147 out or by a request that the jury be directed to disregard it. Platner v. Platner, 78 N. Y. 90; Pontius v. People, 82 id. 347. Neither motion to strike out nor request to disregard was made, upon the record. Therefore the question was proper, and the answer competent, and nothing which happened changed its standing. Nor are we able to see that defendant was prejudiced by anything which occurred in this regard \ for the court in its charge called the jury’s attention to the testimony that the lumps were occasioned by wearing corsets, and made no mention of the other testimony already adverted to, but left the question for the jury to determine what injuries she sustained as the direct result of defendant’s act, after a careful review of defendant’s testimony, and this feature of plaintiff’s proof. This left (the case in this regard as favorable to defendant as it had the right to ask.
It also appeared by the testimony of the physicians that an examination was had of plaintiff’s person about three months after the accident, when there was discovered a slight lateral curvature of the spine. Dr. Orego, who made thé discovery, and to whom the hypothetical question was propounded which we have just examined, was asked, immediately after his answer to it: “What would you say as to this curvative of the spine being caused by that or not?” Defendant objected to the question, “as inadmissible and pure speculation on the facts as presented here.” The court overruled the objection, exception was taken, and witness answered : “It might be caused by . these conditions.” Defendant’s counsel moved to strike out the evidence, “as not within the line of presumable evidence, and as a medical opinion.” No ruling appears to have been made upon this motion. He was then asked: “ If she had no curvature of the spine before this accident, and had received the injuries I have described in my former question, what would you say as to whether that curvature was necessarily caused by that injury or not? This was objected to, on the ground that it is assuming a state of facts not proven, and also that facts bearing on it were admitted. The objection was overruled, exception taken, and witness answered: “ It might be. That is the best I could answer. I could not answer any more definitely.” The witness was then asked as to the probability of recovering good health, and answered that, under proper treatment, she would recover in three or four years, and further stated that he did not discover any curvature of the spine when he first examined her, and that he then made a sufficient examination to discover it if it had then existed. He was then asked: “ What does that indicate as to whether this curvature is the result of these injuries or not?” This was objected to as calling for a conclusion and for an opinion without proper basis. Objection was overruled, exception taken, and witness answered: “I think it was due to that injury. And the -fact that the curvature is more pronounced now than on my former examination in January indicates that it was the result of an injury, as it has increased.” Motion was made to strike out the answer, which was denied, and exception taken. It further appeared by the testimony of this and the other physicians that *148 it was not an uncommon thing for women in the growing period to have curvature of the spine without the intervention of any accident at all; that it is due to other conditions, rather than injury, and more frequently come in that way than from accident; that they generally arise from general habits of life and debility. Dr. Phelps testified : “ It is reasonable to suppose that the accident had something to do with it, although cases of curvature occur without accident.'' Dr. Daniels said: “ Doctors meet with it frequently. It is a common thing to find the spine slightly out of line, without any accident causing it. * * * It may be due to any one of numerous causes in the development of the human body during its growing period.”
In submitting the case to the jury, the court charged, upon request of defendant, that if the jury find that tlie curvature might probably have resulted from other causes than this accident, then they should disregard the claim for any damages on account of such curvature; that they might properly find that such curvature resulted from other causes than this accident; that they must be satisfied by a reasonable preponderance of evidence that the injury to the spine was the result of the accident—and refused to charge, upon request, “that there is no evidence from which the jury can probably find that such a curvature of the spine resulted absolutely from the accident at Silver creek.” Defendant excepted to the refusal to charge. It may be, as argued, that the objections were not sufficiently specific to raise any question. However this may be, the request to charge is sufficient to present it, and defendant now claims that the verdict is large by reason of the fact that the jury considered the curvature of the spine as connected with the accident, while in fact the evidence was speculative and furnished no basis for such consideration, and that the court erred in not withdrawing the question from the jury. The basis for this claim rests upon the decision of the court in Strohm v. Railroad Co., 96 N. Y. 305, and Tozer v. N. Y C. & H. R. R. Co., 105 id. 617; 6 St. Rep. 447. We are not left in doubt concerning the correct construction of these decisions, and their limitations. In Turner v. City of Newburg, 109 N. Y. 301; 15 St. Rep. 93, the court said: “It is perfectly competent to furnish the jury with evidence of the present physical condition and bodily sufferings, and with the ópinions of competent physicians as to whether such could have resulted from the accident, and as to their permanence." In speaking of the, Slrohm Case, it says it “simply precludes the giving of evidence of future consequences which are contingent, speculative, and merely possible as the basis of ascertaining damages.” The rule was again reiterated in Griswold v. N. Y. C. & H. R. R. R. Co., 115 N. Y. 61; 23 St. Rep. 729; McCain v. B. C. R. R. Co., 116 N. Y. 459; 27 St. Rep. 549; Wallace v. Vacuum Oil Co., 128 N. Y. 579; 38 St. Rep. 441; Keane v. Village of Waterford, 130 N. Y. 188; 41 St. Rep. 291. These authorities are ample in answer to defendant’s contention. No error is found in the record.
The judgment should, therefore, be affirmed, with costs.