SIMON BLATE, Respondent, *v.* THIRD AVENUE RAILROAD COMPANY, Appellant.

*Action for personal injury — testimony as to the future consequences of the injury, limited to a reasonable certainty — expert.*

To entitle the plaintiff, in an action brought to recover damages for personal injuries, resulting from the defendant's negligence, to compensation for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury; it is not enough that the injuries sustained may develop

into more serious conditions than those which are visible at the time of the injury, nor even that they are likely to so develop.

An expert should not be allowed to testify to what sometimes follows from the condition which was disclosed upon the examination of the plaintiff, *e. g.*, that it sometimes results in impotency.

APPEAL by the defendant, the Third Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of October, 1896, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of October, 1896, denying the defendant's motion for a new trial made upon the minutes.

*Nathan Ottinger, Edgar M. Johnson* and *William N. Cohen,* for the appellant.

*Sumner B. Stiles* and *Francis L. Wellman,* for the respondent.

INGRAHAM, J.:

There is one objection to the admission of testimony in this case which constrains us to order a new trial. The complaint alleges that, in consequence of the negligence of the defendant, the plaintiff " was seriously and permanently injured ; plaintiff suffered a rupture or hernia; he was cut and bruised about the head, body, arms and legs ; he was injured internally ; put in great pain and agony of mind and body ; and that said plaintiff, by reason of the said injuries, has been and will be prevented from attending to his business and pursuing his duties," and has suffered damages in the sum of $20,000.

The testimony of the physicians was that, from the injury, the plaintiff had sustained " inguinal hernia; " that, in consequence of such hernia, the trouble extended down to the scrotum; that, in consequence thereof, his right testicle had been damaged and wasted. An expert having been examined as to the plaintiff's condition, was asked to state what loss of power is indicated by the condition of the testicle as testified to. He answered, that a hernia such as the plaintiff had, complicated with the testicular trouble, such as he (the plaintiff) had, would, in all probability, become a source of considerable pain. The defendant asked that that testimony be stricken out as not proper testimony. The court replied :

"You will have to say, doctor, that the mere pain, unless it is of an excruciating kind, wouldn't likely interfere with the act." To that instruction the defendant excepted, whereupon the witness answered: "Being in that particular part of the body, I think it would be very likely to interfere." The defendant moved to strike out that answer, which motion was denied, and to which the defendant excepted. The court then asked this question: "Q. Does such a condition of things as you saw sometimes ensue in impotency?" To that the defendant objected as incompetent, irrelevant and immaterial, and not sufficiently certain. This objection was overruled, and the defendant excepted, and the witness answered: "It does, sometimes." It seems to us that this testimony was clearly incompetent. Impotency was not claimed to exist at the time of the trial. There was testimony from which it would appear that the physical condition caused by the injury was such that the plaintiff was caused considerable pain in the act, and that in consequence of such pain he had refrained. The doctor was then allowed to testify against the objection and exception of the defendant that this condition sometimes ensues in impotency. This testimony was of the vaguest character. It was not even an opinion of the physician as to the future condition of the plaintiff, or what would likely, or even possibly, happen to him as the result of the injury. He was called to testify as to what sometimes happens as the consequence of such a condition of things, and that testimony was allowed to go to the jury under a complaint which alleged the permanency of the injury, and where the jury were instructed to allow damages for the injury that would follow from the condition in the future.

The rule as to the competency of such testimony is stated in the case of *Strohm* v. *The N. Y., L. E. & W. R. R. Co.* (96 N. Y. 306), where it is said: "Future consequences, which are reasonably to be expected to follow an injury, may be given in evidence for the purpose of enhancing the damages to be awarded. But to entitle such apprehended consequences to be considered by the jury, they must be such as in the ordinary course of nature are reasonably certain to ensue. Consequences which are contingent, speculative, or merely possible, are not proper to be considered in ascertaining the damages. It is not enough that the injuries received may develop into

more serious conditions than those which are visible at the time of the injury, nor even that they are likely to so develop. To entitle a plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury."

In this case the injury which was inflicted upon the plaintiff was undoubtedly a serious one; and from the evidence it would appear to be an injury from which the plaintiff would suffer to a greater or less extent during the rest of his life. If the jury found for the plaintiff as to the liability of the defendant, the question as to the amount of damages depended almost entirely upon the extent to which the jury found that the plaintiff would be permanently injured. Whether the permanent injury would consist of the mere inconvenience of wearing a truss, or whether it would extend so as to seriously affect his power of physical exertion, and even cause other most serious consequences, depended upon the testimony of these experts as to his present condition, and as to what would happen in the future. Under these circumstances, the physician was allowed to testify, not as to what the condition of the plaintiff indicated would happen in the future with reasonable certainty, but as to what sometimes followed from the condition disclosed upon the examination of the plaintiff. That this error was quite serious is apparent from the method by which the learned trial judge submitted the case to the jury. The court charged the jury: "If you should find in any event for the plaintiff, you must give him entirely sufficient compensation for what has happened to him from the accident. He had pains; he fell from the wagon; he has a very severe discomfiture in his hernia which is a burden to him all his life. The only relief that he can get is from the use of this truss. * * * Now, he has not lost, as we all agree, any sexual power. Whether he can exercise that sexual power is another question, and the counsel for the plaintiff urges that he cannot. Well, now, look at it, gentlemen. You say that there are some times when he cannot; that that truss cannot be kept in place for a certain time, and that on those occasions he can or cannot. Now, to the extent that he can, you must not give him damages; to the extent that he cannot, you must give him damages — a reasonable compensation."

Here was a direct charge to the jury that the injury was permanent, and that they were bound to compensate him for any sexual disability to the extent that the injuries prevented him from exercising his sexual powers. In connection with that instruction to the jury, the court had allowed the testimony of the physician that the condition in which the physician found the plaintiff sometimes results in impotency. Thus, the jury were allowed, in determining the amount of damages that would compensate the plaintiff, to consider what sometimes results from such a condition as the plaintiff was found to be in, without one word of testimony that, under the circumstances, such a condition was probable.

The verdict was quite a large one, and this error was of such a character that it is reasonably certain that the jury were influenced by it to the disadvantage of the defendant.

There must, therefore, be a new trial, with costs to the appellant to abide the event.

VAN BRUNT, P. J., WILLIAMS, O'BRIEN and PARKER, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.