(46 App. Div. 527.)

KNOLL v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

1. STREET RAILROADS—INJURY—NEGLIGENCE OF GRIPMAN.
    In an action for injuries caused by a collision between defendant's cable car and a wagon, where the evidence would have justified the jury in finding that, as the two vehicles approached, the gripman did not check the speed of the car, but increased it, a verdict finding defendant guilty of negligence will not be disturbed.

2. SAME—CONTRIBUTORY NEGLIGENCE OF THIRD PARTY.
    Where plaintiff, who was standing on the sidewalk, was injured by reason of a collision between defendant's cable car and a wagon, evidence that

the driver of the wagon was guilty of contributory negligence was immaterial.

3. WITNESSES—EXAMINATION—RESPONSIVE ANSWER.

It was not error to overrule a motion to strike out an answer of a witness as not responsive, where it was responsive to a part of the question.

4. INJURIES—DAMAGES—EVIDENCE.

In an action for personal injuries, testimony of plaintiff's attending physician as to the continuance and probable effect of a disease which had already resulted from the injury was admissible.

5. SAME.

The use of the word "likely," instead of the word "probable," in a question as to whether it was "likely" that the extent of certain personal injuries would increase, was immaterial, since the meaning of the two words, used in such connection, is practically the same.

6. SAME—CONTRIBUTORY NEGLIGENCE—TAKING QUESTION FROM JURY.

It was not error for the court to take from the jury the question of contributory negligence, where the evidence showed that plaintiff was in a place where she had a right to be when she was injured, and there was no apparent danger.

7. SAME—TRIAL—INSTRUCTIONS.

Where the jury had been fully instructed on the whole case, it was not error to refuse an instruction which was simply a general summary of the instructions already given.

8. SAME.

In an action for personal injuries caused by a collision between a cable car and a wagon at a street crossing, it was not error to refuse an instruction that the gripman was not bound to anticipate that the driver of the wagon would attempt to cross the car track there.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action for personal injuries by Elizabeth Knoll against the Third Avenue Railroad Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Alfred Lauterbach, for appellant.
William L. Mathot, for respondent.

RUMSEY, J. The action was brought to recover damages for injuries suffered by the plaintiff on account of the defendant's negligence. The evidence tended to show that on the afternoon of the 1st of June, 1896, the plaintiff was standing at the curb on the southwest corner of Bleecker street and the Bowery, in the city of New York, waiting to cross the street. As she stood there, a car of the defendant collided with a truck going diagonally across the street, with such force that the truck was thrown or pushed for a considerable distance, and struck the plaintiff, knocking her down and inflicting the injuries complained of.

The questions upon this appeal will be considered in the order in which they were presented. It is said, first, that the verdict is against the weight of the evidence. Without attempting to state the evidence, it is sufficient to say that the jury would have been justified in finding from it that, as the two vehicles approached, the gripman did not check the speed of the car, but, if anything, in-

creased it, so that when the wagon was struck the car was going at the full speed of the cable. In that case it was clearly for the jury to say whether reasonable efforts were made by the gripman to avoid a collision, and, if they found that there were not, the negligence of the defendant was sufficiently established. The fact that the driver of the truck may also have been guilty of negligence is of no importance in this connection.

The objections taken to the rulings in regard to the admission of the evidence of Dr. Page were properly overruled. He was the family physician of the plaintiff, and had been called by her to treat her both before and after this injury was received. He testified that before the injury her memory was good, but that after she was hurt she suffered from a general mental deterioration, and from deafness, which had arisen since the accident, and that she had lost her physical strength. He said also that these conditions did not exist prior to the accident. Having testified to that condition of the plaintiff, he was asked if he could "state, with reasonable certainty, whether these injuries are permanent or not; and, if so, are they permanent or not?" To this question an objection was interposed, for which no grounds were stated. That objection was clearly not well taken. Wallace v. Oil Co., 128 N. Y. 579, 27 N. E. 956. The answer to the question was, "I believe the injury she is suffering from is permanent." The defendant moved to strike out that answer because it was not responsive, and his motion was denied. This clearly was proper, because the answer was responsive to the last part of the question. The witness was then asked if the consequences to which he had testified were permanent, and to that he answered, "Yes, sir." He was next asked, "Are they at all likely to be reduced, or is the extent of these injuries at all likely to be increased, as Mrs. Knoll grows older?" This was objected to, on the grounds that it was speculative and indefinite, but the objection was overruled, and the witness answered: "I regard the increase of mental deterioration as being practically settled. As she grows older, she will deteriorate more mentally." In response to further questions, he said again that her deterioration was progressive, and that her deafness had increased, in his opinion. We can see no error in the ruling in regard to this question. The witness was testifying to the effect of an existing ailment, which had already resulted from the injury to the plaintiff, and not as to the probable outbreak of a new disease, having its cause in the original injury. As to the latter, he would not have been permitted to say that such a disease would occur, unless he was able first to testify that he could determine its probability with reasonable certainty. But, as he was questioned as to the continuance of a present existing condition, it was not necessary to limit the question in that way, because a competent witness, giving testimony of that nature, is at liberty to state what, from his observation and experience, will be the probable effect of a present condition. The evidence was clearly competent, we think, within the case of Griswold v. Railroad Co., 115 N. Y. 61, 64, 21 N. E. 726; s. c. 44 Hun, 236; Clegg v. Railway Co., 1 App. Div. 207, 37 N. Y. Supp. 130, and cases cited; Stever v. Railroad Co., 7 App. Div. 392, 39 N.

Y. Supp. 944. The case of Atkins v. Railroad Co., 57 Hun, 102, 10 N. Y. Supp. 432, and Blate v. Railroad Co., 16 App. Div. 287, 44 N. Y. Supp. 615, are instances where opinions were permitted to be given as to a condition which might probably result from an injury, but which had not yet been developed, and in each the distinction spoken of in the cases above was recognized. The fact that the word "likely" was used in the question instead of the word "probable," upon which some stress was laid, was of no importance. While the two words are not synonymous, yet in this connection their meaning is practically the same. The other rulings upon admission of evidence, to which exceptions were taken, have been examined, and do not seem to need comment.

The defendant excepted to the action of the court in taking from the jury the question of contributory negligence. There is nothing in the evidence which would warrant the finding by the jury that any act of the plaintiff tended to produce the accident which befell her. She was in a place where she had a right to be, and so was not guilty of negligence in being there, and no person could have supposed that any such occurrences then would happen. For that reason it was not error for the court to refuse to leave the question of contributory negligence to the jury.

The court was requested to charge as follows: "If you believe the testimony of the defendant's, the Third Avenue Railroad Company's, witnesses, your verdict must be for the defendant, the Third Avenue Railroad Company." This request was properly refused. The court had fully instructed the jury upon the whole case, and it was not error to refuse to give what was simply a general summary of the instructions which the jury had already received.

The eighth request to charge at folio 251 was properly refused. It was for the jury to say, upon the whole case, whether the conduct of the gripman, in view of the surrounding circumstances, was reasonably careful, and it could not be said, as a matter of law, whether or not he was bound to anticipate that the driver would attempt to cross the track. The place was the intersection of two streets, where trucks have a right to cross the track, and it would have been a serious error for the court to say to the jury that a gripman of a cable car had no reason to anticipate that a wagon would not attempt to cross the track there. If there were any legal conclusion to be drawn from the situation, it was that a street crossing was precisely the place where a gripman should anticipate that a wagon would cross the track, and should be on guard against a collision, if one should cross.

Upon the whole case, therefore, we think there was no error, and the judgment and the order appealed from must be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.