## James H. Eckels et al. v. John Jasinski.

### Gen. No. 13,046.

1. PERSONAL INJURIES—*when evidence erroneous as speculative.* It is error to permit a physician to testify as to conditions which may possibly follow from an injury shown.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the March term, 1906. Reversed and remanded. Opinion filed February 18, 1907.

JOHN A. ROSE and ALBERT M. CROSS, for appellants; W. W. GURLEY, of counsel.

RICHOLSON & LEVY, for appellee; C. STUART BEATTIE, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This appeal is from a judgment recovered against the appellants as receivers of the Union Traction Company by the appellee, one John Jasinski, for an alleged assault on him made by a conductor of one of the cars of the Chicago Union Traction Company. The judgment was rendered on the verdict of a jury in the Superior Court. The verdict was for $5,000. On a motion for a new trial the court ruled that the plaintiff must remit $1,500 from the verdict or a new trial would be granted. Thereupon the plaintiff did so remit, and a judgment for $3,500 was entered.

As this case must be remanded for a new trial, because of error in the rulings on evidence, we shall avoid the danger of injuring the case of either party before another jury by comment upon the evidence, further than to make what we deem the necessary and obvious suggestion that the probabilities both in the matter of the events narrated very differently by different witnesses, and in the matter of the actual injuries received, are not so clearly in favor of the plaintiff's version, that on the question of damages we can pass over error on the ground that it is certain that substantial justice has been done, and that this large judgment, based on the still larger verdict of the jury, should not therefore be disturbed.

The plaintiff suffered serious injuries in the physical encounter which was the ground of his action. Among them, he claimed, was an inguinal rupture caused by a kick received on his abdomen. A physician who examined him the next day after the trouble testifed that he found a tumefaction over the internal abdominal ring about the size of a dollar. The same physician swore that at the time of the trial there existed a decided hernia extending to the external abdominal ring. There was no evidence that at any time the hernia became what is known as a strangulated hernia, nor any evidence which in our opinion

tended to show either a reasonable certainty or even a reasonable probability that it would become so.

Plaintiff's counsel asked the physician, however, this question: "From the appearance of this hernia in this man's case, have you an opinion now as to whether or not that hernia *may* become strangulated?"

Over objection by defendant's counsel that the question asked for a speculative answer, the court permitted the question to be answered. The answer of the witness was: "Certainly, *if conditions will favor it.*"

For some reason not disclosed by the record, the question was repeated, again objected to, again ruled proper, and again answered: "Yes, *if conditions will favor it.*"

Then plaintiff's counsel asked the witness what he meant by "strangulated hernia." This question was also objected to by the defendant's counsel and allowed by the court. The witness answered: "Strangulated hernia is a hernia where the circulation in the hernial sac and perhaps in the intestine itself, or rather the intestinal contents, is impeded and interfered with."

Then counsel proceeded: "Describe to the jury a little more definitely how that might come about?" This question was objected to on the same grounds as the preceding ones, but allowed. The witness answered it thus: "Hernia or rupture is a protrusion of the intestine—with the normal covering of the intestine protruding along in front of it so there is back of it the peritoneum. That is, the covering of the intestine and the intestine itself gets out from the narrow opening in the wall of the abdomen. *When the wall of the abdomen for some reason or other—when that opening tightens from injury or otherwise*—that compresses that sac and that intestine—the blood does not circulate any more and strangulation occurs."

Then counsel asked: *"And when strangulation occurs—unless it is relieved*—what happens?"

Plaintiff's counsel objected to this question as incompetent and speculative, but it was allowed. The answer was: "Gangrene results; then sloughing away of the intestine, the peritoneum, and usually death."

Subsequently the counsel for defendants moved to strike out all these answers, but the court denied the motion. Proper exceptions were preserved to all of the rulings of the court affecting this testimony.

We have detailed the testimony the admission of which we deem fatal error, that it may be seen how plainly it is speculative.

The hernia *"may* become strangulated," the witness says, "if conditions favor it," and the conditions are the "tightening of the walls of the abdomen for some reason or other," "from injury or otherwise," and then, if strangulation does occur, *"unless it is relieved,"* decay resulting in death occurs.

If there is any reason in the rule which, lest the jury should be misled, prohibits testimony as to possible results which are not shown to be reasonably certain nor even reasonably probable, then this is a case for its enforcement. Plaintiff's counsel argue in this court, that there was no showing made which could have led the jury into the belief that strangulated hernia would probably follow the injury and should be taken into account in the damages. We cannot agree with this, nor would it appear that this was the belief of counsel in the court below. If it was, why did they, after receiving the answer that strangulated hernia might result, under certain favorable conditions, press in the face of objection not only for a statement of the conditions, but also after obtaining that in a peculiarly objectionable and indefinite form, for a statement of the extreme results if the strangulation were not relieved?

Eckels v. Jasinski.

As we said in Chicago City Ry. v. Gillett (No. 12284, March 15, 1906, not reported), some authorities have held or implied that "a reasonable probability" of the results of an injury may be testified to by an expert. 2 Jones on Evidence, sec. 380; 1 Wharton on Evidence, sec. 441; 3 Wigmore on Evidence, sec. 1976; Block v. Milwaukee St. Ry. Co., 89 Wis. 371; R. R. Co. v. Stoner, 49 Fed. Rep. 209; Houston v. Traphagen, 47 N. J. L. 23; Weber v. Third Ave. Ry., 42 N. Y. Sup. 789; Dallas Ry. Co. v. Rutherford, 78 South Western Reporter, 558; Lincoln v. Saratoga R. R. Co., 23 Wend. 425; Filer v. N. Y. Central R. R. Co., 49 New York, 42; Curry v. State, 5 Nebraska, 412-7.

And some have confined the admissible evidence to reasonable certainties. Strohm v. R. R. Co., 96 N. Y. 306; Tozer v. R. R. Co., 105 N. Y. 617; McClain v. R. R. Co., 116 N. Y 460-7; Blate v. R. R. Co., 44 N. Y. Supp. 615; L. S. & M. S. Ry. Co. v. Conway, 169 Ill. 505; Chicago & N. W. Ry. Co. v. DeClow, 124 Fed. Rep. 142; P., F. W. & C. R. R. Co. v. Moore, 110 Ill. App. 304.

But we know of none which allow mere possibilities to be brought forward as competent evidence of damages.

"A judgment in law cannot stand upon a guess or bare possibility." Hoey v. Metropolitan St. Ry., 74 N. Y. Supp. 1113.

For the error indicated in this opinion the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*