### Theresa Battel, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 14,957.

EVIDENCE—*when, as to effects of personal injuries incompetent.* Testimony that hysteria has an "awful marked effect" is incompetent if it does not appear from the evidence either that such marked effect had occurred in the particular case or that there was a reasonable probability that it would occur.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1908. Reversed and re-

Battel v. Chicago City Ry. Co., 153 Ill. App. 210.

manded. Opinion filed March 1, 1910. Rehearing denied March 17, 1910.

B. F. RICHOLSON and WATSON J. FERRY, for appellant.

JULE F. BROWER and SAMUEL B. KING, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit to recover damages for personal injury. Appellee boarded a street car operated by the defendant railway company about ten o'clock on the night of September 10, 1904, at the corner of 51st street and Wentworth avenue. She rode east to State street, transferred there to a State street car going north and at 47th street took a car going east, upon which she rode as far as Woodlawn avenue, where the accident occurred causing the injury complained of. She testifies that she told the conductor when she got on the 47th street car she wished to get off at Woodlawn avenue, that nearing Woodlawn avenue, she arose in her seat, that the conductor saw her and the car stopped at or near the corner of Woodlawn avenue, that she then "started to step on the footboard," that she was "just in motion to step on the footboard," when there was a sudden jerk and she fell. She does "not remember striking the ground." She received, as there is evidence tending to show, a scalp wound from an inch and three-quarters to two inches in length at the prominent part of the back of the head, and claims to have suffered also internal injuries causing hysteria and other troubles. There is testimony in behalf of the defense tending to show that plaintiff jumped off the car at Woodlawn avenue while it was in motion and without giving notice of her wish to stop there.

It is contended in behalf of appellant that the verdict is against the weight of evidence, that the trial court erred in the admission of evidence over appellant's objection, and that there are reversible errors

in the instructions. Inasmuch as the cause must be remanded for a new trial, we refrain from considering at length the weight and effect of the evidence.

Errors complained of in the admission of evidence relate to questions to and answers by an expert medical witness called in behalf of plaintiff. This witness having been asked by plaintiff's counsel what his prognosis of the case was, answered, "in time with good care, that she will recover ultimately." The question was then put, "You have spoken of hysteria. What is hysteria?" and the answer was that it "is a condition where ideas control the mind;" that its producing causes "may be hereditary, especially in delicate people of a nervous temperament, or it may follow some early sickness in childhood, or it may be traumatic hysteria, may be caused by trauma, or sudden fright or injury."  *  *  *  The following then occurred:

"Did you form any diagnosis or opinion as to this case?

A. I did in this respect. I think she is suffering from hysteria. It may be traumatic or otherwise.

Q. What if any are the effects upon the system of hysteria?

A. Hysteria has an awful marked effect. It may go along with non-organic condition. Hysteria is what is called a functional disease. No organ seems to break down itself, but it may go hand in hand and so something may set up a number of things, Bright's disease, heart trouble or kidney trouble or anything and that would be an organic trouble, leaving symptoms of hysteria. There is no breakdown or pathological evidence of any hysteria whatever. But hysteria may assume a form from any little thing that comes along. There are these characteristics—

MR. RICHOLSON: I ask that be stricken out.

THE COURT: He is defining hysteria.

A. Yes, I am defining the condition of hysteria.

MR. KING: Proceed as if the interruption had not occurred.

A. There is one of the characteristic symptoms which is intense pain, and from that they begin to

worry about the condition and any little idea that comes into their heads seems to control them. They may go from that into complete coma. It may develop into complete paralysis.

Objected to by counsel for defendant, who moves to strike out the same. Which motion was overruled by the Court. To which ruling of the Court the defendant by its counsel then and there duly excepted.

Q. Proceed, doctor?

A. It may develop into paralysis which may recover in a short time, as though they never had it. They may lose their voice. They may, and as a rule do, have melancholia, lose weight, lose strength, lose comprehension and everything else.''

It is apparent, as urged by appellant's counsel, that the testimony to the effect that hysteria ''has an awful marked effect'' and what it might lead to, was incompetent. There is no claim, and so far as we discover no evidence, tending to show that the plaintiff has or had Bright's disease, heart or kidney trouble, or paralysis, complete or incomplete. There is no evidence whatever tending to show that whatever ''awful marked effect'' hysteria may ever have had, it has had any such effect in this case. This and other testimony of like character in the record is mere speculation, having no relation so far as appears to the facts in the case before us. It is not pretended that any such conditions will necessarily result from the injury complained of or that such conditions are reasonably certain to occur. On the contrary the same witness expressed an opinion that plaintiff would fully recover. The cases cited by plaintiff's counsel (C. U. T. Co. v. Roberts, 229 Ill. 481, and Fuhry v. C. C. Ry. Co., 239 Ill. 548) are not in point. In those cases the testimony was that the injury might or could cause a condition which there was evidence tending to show actually existed. In the case at bar the testimony is to the effect that certain conditions might follow, none of which in fact so far as appears exist at all. Ap-

214    APPELLATE COURTS OF ILLINOIS.

parently there is no proof tending to show a reasonable probability that they ever will exist, much less a reasonable certainty. In C. & M. E. Ry. Co. v. Ullrich, 213 Ill. 170-173, it is said: "A plaintiff cannot recover damages for future suffering which is not reasonably certain to result from his injury. A mere possibility or even a reasonable probability that future pain or suffering may be caused by the injury or that some disability will result therefrom is not sufficient to warrant an assessment of damages." Cases in point are City of Chicago v. Jarvis, 226 Ill. 614-618; P. F. & C. R. R. Co. v. Moore, 110 Ill. App. 304-310; Strohm v. R. R. Co., 96 N. Y. 306; Eckels v. Jasinski, 131 Ill. App. 451-454, and cases there cited.

In view of the conclusion stated it is not necessary to consider other alleged errors. For the reasons stated the judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*