Arthur Wachtel, J.
This was an assessment of damages. Plaintiffs were passengers in a taxicab which was struck in the rear by defendants’ vehicle. The accident occurred on October 21, 1960. In the case of plaintiff Victor Peligri, the injuries resulting from the accident were diagnosed by the examining physician who testified on. behalf of plaintiffs, as sprain of *258 cervical spine, whiplash, and also a sprain of the right sacroiliac region; in the case of plaintiff Juliette Forman, severe sprain of the cervical spine, whiplash type injury. In the case of Victor Peligri, the pain associated with the claimed whiplash injury lasted for six months, according to his testimony, but the pain in the back has continued from time to time up to the present, and he has worn a plastic brace “ on and off ”. Plaintiff Juliette Forman complains that the whiplash injury has continued up to the present time and that she still has severe headaches and dizziness from time to time. Both required about 12 treatments. Neither lost any time from work and neither claims any loss of earnings. Plaintiff Victor Peligri is 23 years of age; plaintiff Juliette Forman is 21 years of age, and both were office employees of a bank.
The medical evidence was supplied, not by the treating physician, but by an orthopedic surgeon who examined both plaintiffs in August, 1961.
The defendant challenges the medical testimony on the ground that in the case of Victor Peligri, in answer to the hypothetical question as to whether the accident was a competent, producing cause of the injuries, and in answer to the question whether they were permanent, he stated that the accident “could be” a competent producing cause and that the injuries “ could be ” permanent; and in the case of Juliette Forman, while he answered the hypothetical question as to whether the accident was a competent producing cause of the injury in the affirmative, yet, in answer to the question whether he had any opinion as to permanency, he said it “ seems to be ” of a permanent character.
In both cases the examining physician testified that neurological tests were negative and he based his findings on the plaintiffs’ subjective complaints of pain and on their history.
Counsel for the defendant relies upon the rule established in the case of Strohm v. New York L. E., & W. R. R. Co. (96 N. Y. 305) and quotes therefrom: “ Consequences which are contingent, speculative, or merely possible, are not proper to be considered in ascertaining the damages” (p. 306). However, this has been interpreted by subsequent decisions of the Court of Appeals to apply only to opinion as to “ the merely possible outbreak of new diseases or sufferings having their cause in the original injury” (Griswold v. New York Cent. & Hudson Riv. R. R. Co., 115 N. Y. 61, 64 [Finch, J.]) — diseases which were not present at the time of the trial. As to such an opinion the reasonable certainty rule applies. A medical witness may not testify as to diseases which might develop in the future and which had not developed at the time of the trial unless he can *259 so testify with reasonable certainty. Bnt the Strohm case did not hold that reasonable certainty was required as to the cause and probable duration of an existing condition. (Turner v. City of Newburgh, 109 N. Y. 301, 309; Griswold v. New York Central & Hudson Riv. R. R. Co., supra; Cross v. City of Syracuse, 200 N. Y. 393.)
As to a present existing condition, the examining physician may testify that it could be caused by the accident or that it could be permanent. (Turner v. City of Newburgh, supra; followed in Green v. Mower, 3 A D 2d 788; Cunningham v. Maxwell, 6 A D 2d 366; see, also, Knoll v. Third Ave. R. R. Co., 46 App. Div. 527, 529, 530, where the physician was permitted to testify as to whether the consequences of the ailment were “ likely ” to be reduced or increased following the authority of Griswold v. New York Cent., supra.)
Thus, the medical testimony in the case at bar is admissible. However, its weight is for the court to evaluate. In this connection it is significant that neither plaintiff was absent from work directly after the accident; nor did either plaintiff require total confinement in bed or at home at any time after the accident, or was unable to do their work in substantial part. Thus the case resolves itself into a matter of evaluating pain and suffering. There is, of course, no rule for such estimate. However, the severity of the pain complained of may be considered in connection with the other testimony in the case. The court is not convinced that in either case are the injuries permanent.
Accordingly, upon the entire case the court decides that plaintiff Victor Peligri is entitled to the sum of $850, and that the plaintiff Juliette Forman is entitled to the sum of $850, and judgment is hereby rendered accordingly.